WILLIAMS LLP
420 LEXINGTON AVENUE SUITE 875
NEW YORK, NEW YORK 10170
212.417.0430
212.417.0433 (FAX)
T. EDWARD WILLIAMS, ESQ.
EDWARD@WILLIAMSLLP.COM
*Counsel to Brooklyn Masonic Temple LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – – – – –

In re: Chapter 7

EMPIRE STATE GRAND COUNCIL ANCIENT AND ACCEPTED SCOTTISH RITE MASONS INC, Case No. 25-45914-ESS

Debtor.

– – – – – – – – – – – – – – – – – – – – – – – – – – – –

LORI LAPIN JONES, solely as Chapter 7 Trustee of the Estate of EMPIRE STATE GRAND COUNCIL ANCIEINT AND ACCEPTED SCOTTISH RITE MASONS, INC.

Plaintiff, Adv. Pro. No. 26-01072-ESS

v.

BROOKLYN MASONIC TEMPLE LLC, and R4 RE LLC

Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – – – –

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS ADVERSARY COMPLAINT**

Dated: New York, New York
16 June 2026

Respectfully submitted,

WILLIAMS LLP

/s/ T. Edward Williams, Esq.
WILLIAMS LLP
420 Lexington Avenue Suite 875
New York, New York 10170
212.417.0430
212.417.0433 (Fax)
Edward@williamsllp.com
Attorneys for Brooklyn Masonic Temple LLC

## PRELIMINARY STATEMENT

If one only skimmed the Trustee's Complaint, one may conclude that the Trustee's legal conclusions have some merit; but if were to read the Trustee's Complaint in any level of detail, one would learn quickly that the Trustee's has not (and likely cannot) stated a claim for relief. The Trustee's Complaint is exactly the kind of boilerplate complaint used in would-be fraudulent transfer cases that Ashcroft v. Idbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) and Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1995 (2007) have found to require dismissal. In addition to being boilerplate, the Trustee's Complaint does not state a claim for which relief can be granted. The Property that the trustee seeks to claw back would not have been reachable by any of the judgment (or putative judgments) that the Trustee claims were the grounds for the transfer. In fact, the Debtor's Board of Directors knew nothing about the so-called impending judgment or the lawsuits that had been filed against the Debtor. This is in part why the Debtor had defaulted on many of the cases that were filed—the Debtor did not know that those cases existed.

The Trustee directs eight of its nine claims at Brooklyn Masonic Temple LLC ("BMT"), but the Trustee's sixth claim—for attorney fees and costs—is not a claim but instead a relief the Trustee may seek if the Trustee were to prevail on its fraudulent transfer claims. In any case, the substance of the Trustee's claim is that the Debtor transferred a building, the Debtor's only asset to BMT, which was an insider of the Debtor, all for the purpose of hindering, delaying or defrauding the Debtor's creditors or the Debtor's would-be creditors. Compl. at *passim*.

## FACTUAL BACKGROUND

The facts recited in this Memorandum of Law are taken from the Trustee's Complaint, from the documents referenced or incorporated in the Trustee's Complaint, and from documents from which this Court may take judicial notice. In re Celsius Network LLC, 676 B.R. 647, 665 (2025) (citing Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016); DeLucca v. AccessIT Grp. Inc., 695 F. Supp.2d 54, 60 (S.D.N.Y. 2010); Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Secs. Corp., 351 F. Supp. 2d 79, 96 n.17 (S.D.N.Y. 2004); In re Anadrill Directional Services Inc., 676 B.R. 860 (S.D. Texas 2026).

The Trustee filed this adversary proceeding on 20 April 2026 alleging nine claims for relief. See Compl. at ECF Doc. No. 1. The Trustee asserts claims under § 548(a)(1)(A), under § 548(a)(1)(b) and under § 550. See id. at passim. The Trustee also brings claims under § 544(b), which allows the trustee to rely on New York state fraudulent transfer provisions at §§ 273 through 276. Id. at ¶ 8. The facts that gave rise to the Trustee's clams arise from a narrow set of circumstances.

The Trustee alleges that in while some lawsuits were pending, the Debtor owned the property at 317 Clermont Avenue Brooklyn (the "Property"). Id. at ¶ 11. The Trustee alleges that on 3 April 2025, the Debtor transferred the Property to the Defendant, Brooklyn Masonic Temple LLC ("BMT") because the Debtor was trying to avoid several lawsuits and trying to avoid making payments to creditors that would have been created by those lawsuits. Id. at ¶¶ 51–55. The Trustee alleges that the Property was transferred without consideration but provides no further allegations to support the allegation that the Property was transferred without consideration. Id. at ¶ 55. The Trustee further

alleges that BMT in turn mortgaged the Property to the other Defendant in this case, R4 RE LLC. The Trustee's understanding of the facts is apocryphal.

Although not relevant for purposes of this motion, the true factual circumstances related to the transfer of the Property are innocuous. Debtor had incurred a number of debts on the Property for an extended time. Debtor, which is a fraternal order and does not generate any income, had fallen back on repair obligations. To fix the Property, Debtor had to take out certain loans on the Property. Debtor also had to repay the previous loans on the Property. Thus, Debtor together with its lender, structure a transaction to lend Debtor money to repair the Property and to repay existing debt obligations on the Property. Because the amount of the transaction exceeded the amount of what a nonprofit organization could undertake, Debtor transferred the Property to BMT which was a for profit entity to allow the transaction to proceed.

## LEGAL STANDARD

### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012, authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion, the Court must accept as true the nonconclusory factual allegations in the complaint, draw all reasonable inferences in favor of the non-moving party, and confine its review to the complaint, documents incorporated by reference or attached as exhibits, and matters of which the Court may take judicial notice. See, e.g., Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212,

217 (2d Cir. 2004); In re Ippolito, 2013 WL 828316, at *3 (Bankr. E.D.N.Y. Mar. 6, 2013) (granting motion to dismiss for failure to state a claim).

To withstand a motion to dismiss, a complaint must allege enough facts to state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. In applying this standard, the Court engages in a two-step analysis: it first identifies and disregards allegations that are mere legal conclusions couched as factual allegations and then determines whether the remaining well-pleaded factual allegations, assumed to be true, plausibly give rise to an entitlement to relief. Id. at 678–79. Applying this framework, the Bankruptcy Court in Ippolito dismissed claims under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4) where the complaint failed to allege specific, nonconclusory facts supporting the elements of the causes of action. See Ippolito, 2013 WL 828316, at *3–4.

Consistent with this framework, the Bankruptcy Court for the Eastern District of New York has repeatedly held that, although Rule 8(a) does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation, and that threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Iqbal, 556 U.S. at 678. See, e.g., In re Christodoulakis, 2019 WL 360064, at *4 (Bankr. E.D.N.Y. Jan. 25, 2019) (granting motion to dismiss where allegations of fraud and willful and malicious injury were "speculative and conclusory" under Twombly/Iqbal); In re Ippolito, 2013 WL 828316, at 3–4 (dismissing nondischargeability claims under Rule 12(b)(6)). Where the factual allegations do not permit the Court to infer more than the mere possibility of misconduct, the

complaint has not shown that the pleader is entitled to relief and must be dismissed under Rule 12(b)(6). Iqbal, 556 U.S. at 679."

**B. Rule 9(b) Standard**

Rule 7009 of the Federal Rules of Bankruptcy Procedure incorporates Fed. R. Civ. P. 9(b) and imposes a heightened pleading standard and requires that all allegations of fraud must be pleaded with particularity. See Fed. R. Bankr. P. 7009. As this and other courts have stated repeatedly, the plaintiff alleging fraud must at least identify the following:

- **Who**: the specific person or entity that made the fraudulent statement or engaged in the fraudulent conduct;
- **What**: the content of the alleged misrepresentation or fraudulent act;
- **When**: the time at which the fraud occurred;
- **Where**: the place or context in which the fraudulent statement was made or the fraudulent act occurred; and
- **How**: the manner in which the fraud was carried out or how the plaintiff was deceived.

Fed. R. Civ. P. 9(b); see e.g., In re Musicland Holding Corp., 398 B.R. 761, 773–774 (stating that "Fed. R. Civ. P. 9(b) requires the plaintiff to plead fraud with particularity. Even where fraud is not an element of the claim, the allegations must satisfy Fed. R. Civ. P.(b) if the claim is based on fraudulent conduct.") (citing Rombach v. Chang, 355 F.3d 164, 171 (2d Cir. 2004); ("Rule 9(b) ... is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action.") and Denny v. Barber, 576 F.2d 465, 470 (2d Cir. 1978))

Conclusory allegations that merely track the statutory language of fraud or that fail to particularize each defendant's involvement in the alleged fraudulent scheme are insufficient to allege fraud and the complaint must be dismissed. In re Musicland Holding Corp., 398 B.R. at 774. ("A strong inference of fraudulent intent may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.") (internal quotation marks omitted). Further, "[t]o qualify as strong, the inference of scienter must be more than merely reasonable or permissible—it must be cogent and compelling, thus strong in light of other explanations." Id.

## ARGUMENTS AND AUTHORITIES

### A. THE TRUSTEE CANNOT STATE A CLAIM FOR FRAUDULENT TRANSFER UNDER § 544(B).

Section 544(b) provides as follows:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> > (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
> >
> > (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
> >
> > (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer

at the time of the commencement of the case, whether or not such a purchaser exists.

(b)

(1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.–

(2) Paragraph (1) shall not apply to a transfer of a charitable contribution (as that term is defined in section 548(d)(3)) that is not covered under section 548(a)(1)(B), by reason of section 548(a)(2). Any claim by any person to recover a transferred contribution described in the preceding sentence under Federal or State law in a Federal or State court shall be preempted by the commencement of the case.

Because § 544(b) makes New York State fraudulent transfer laws available to the Trustee and the Trustee has relied on NYDCL §§ 273(a)(1) and (a)(2), 274, 276, and 276-a. See Compl. ¶¶ 107–139.

In Marine Midland Bank v. Murkoff, 120 A.D.2d 122, 129–134 (2d Dep't 1986), the Second Department construed New York Debtor Creditor Laws and held that no claim for actual fraudulent transfer may be asserted where the asset or property that was transferred would not have been subject to the judgment. This is precisely the situation in this case. The putative judgment was a money judgment that arose from a tort action. The judgment was obtained by default and the Debtor and its leadership did not know about the judgment.

## B. THE TRUSTEE CANNOT STATE A CLAIM UNDER § 548(a)(1)(A).

Section 548(a)(1)(A) provides that:

(a)
(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor,

> that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> > (A) made such transfer or incurred such obligation with **actual intent** to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted. . . .

11 U.S.C. § 548(a)(1)(A) (emphasis added); see In re Diamond Fin. Co., 658 B.R. 748 (Bankr. E.D.N.Y. 2024) (construing §548(a)(1)(A) but doing so in the context of a Ponzi scheme in which fraudulent intent is presumed); In re Jacobs, 394 B.R. 646 (Bankr. E.D.N.Y. 2008) (construing the badges of fraud) (Stong, J); In re USA United Fleet, Inc., 559 B.R. 41 (Bankr. E.D.N.Y. 2016) (same).

The Trustee does not plead facts from which this Court may determine that Defendant committed actual fraud. Indeed, the decision to undertake the transfer was undertaken by the Board of Directors, not by Michael Bernard as the Trustee claims. Consistent with the Murkoff case, the Trustee does not have a claim for actual fraud or for constructive fraud under Section 548(a)(1)(B).

### C. THE TRUSTEE'S COMPLAINT BECAUSE IT INCLUDES NO MORE THAN CONCLUSORY ALLEGATIONS RELATED TO ACTUAL AND CONSTRUCTIVE FRAUD.

The Trustee's Complaint is twenty-three pages long, but the Complaint is only long because the Trustee repeats the allegations in it. The Trustee offers no allegation as to why she claims that the property was not transferred for equivalent value. See Compl. at *passim*. In fact, provides no factual material as to the transfer other than alleging that Michael Bernard caused the transfer to occur—he did not—and that the transfer was for insufficient value. Indeed, the Debtor is a fraternal order that made no profit in its business. It never collected funds and never sold a particular product. It sometimes collected membership dues, but those membership dues were often less than $10.00

dollars per person and nothing more. In short, nothing in the Trustee's Complaint provides sufficient factual material that makes the Trustee's claims plausible.

## D. THE TRUSTEE'S EIGHTH CLAIM IS IMPROPER BECAUSE DECLARATORY RELIEF IS NOT AVAILABLE.

For its seventh claim for relief, the Trustee seeks declaration relief. See Compl. at ¶¶ 153–158. Although Fed. R. Civ. P. 57 does not expressly apply to bankruptcy adversary proceedings, the Declaratory Judgement Statute, 28 U.S.C. § 2201 does apply in bankruptcy Court. The Second Circuit apply the following five-limb test to determine whether deny declaratory relief:

> (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for "procedural fencing" or a "race to res judicata"; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (5) whether there is a better or more effective remedy.

Dow Jones & Co. Inc. v. Harrods Ltd., 346 F.3d 357, 359–360 (2d Cir. 2003).

Here, declaratory judgment will serve no purpose because of the substantive claims the Trustee has alleged, the judgment will not finalize the controversy or offer relief from uncertainty, and the Trustee's use of the declaratory judgment claim is more as a place filler. Finally, there is a better and more effective remedy as the Trustee herself has pleaded. Accordingly, this Court should dismiss the Trustee's claim for declaratory judgment.

## E. THE TRUSTEE'S NINTH CLAIM FOR RELIEF IS NOT A CLAIM.

For its eighth claim for relief, the Trustee seeks entitled to attorney's fees and costs, but that is not a claim for relief. If the Trustee were to prevail on any of her claims for relief, the Trustee would then seek attorney's fees and costs.

## CONCLUSION

For the reasons given, the Defendant, Brooklyn Masonic Temple LLC moves for dismissal of the  Trustee's Complaint with prejudiced.

Dated: New York, New York
16 June 2026

Respectfully submitted,

WILLIAMS LLP

By: *<u>/s/ T. Edward Williams, Esq.</u>*

T. Edward Williams, Esq.
420 Lexington Avenue Suite 875
New York, New York 10170
212.417.0430
edward@williamsllp.com
*Attorneys for Defendant Brooklyn Masonic Temple LLC*